# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RODNEY C. MOORE,**

    **Petitioner,**

  v.          Case No. 14-CV-1047

**JUDY P. SMITH,**

    **Respondent.**

## ORDER DENYING PETITIONER'S
## MOTION FOR RECONSIDERATION

  Petitioner Rodney C. Moore is a prisoner incarcerated at Oshkosh Correctional Institution pursuant to a Wisconsin state court conviction. On August 26, 2014, Moore filed pro se a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1.) Moore consented to the full jurisdiction of a magistrate judge. (ECF No. 9.) On October 2, 2014, the court screened Moore's petition pursuant to Rule 4 of the Rules Governing 2254 Cases. (ECF No. 11.) The court held that Moore's petition was his "second or successive" petition under 28 U.S.C. § 2244(b), and therefore dismissed his petition and entered judgment accordingly. (ECF Nos. 11, 12.) On October 14, 2014, Moore filed a

Motion for Reconsideration (ECF No. 13), and on October 29, 2014, he filed an Amended Petition for a Writ of Habeas Corpus (ECF No. 14).

A motion for reconsideration "is a request that the Court reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was over-looked." *Maus v. Greening*, No. 07-C-896, 2008 WL 4279658, at *1 (E.D. Wis. Sept. 15, 2008) (brackets omitted) (quoting *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)). It does not permit a petitioner "to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless." *Id.* (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)). A motion for reconsideration is "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *First Nat. Bank v. Cincinnati Ins. Co.*, 321 F.Supp.2d 988, 992 (E.D. Wis. 2004).

Alternatively, Moore's motion may be liberally construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). As required under Rule 59(e), the motion was filed within twenty-eight days of the entry of judgment. *See Taylor v. Wexford Health Sources, Inc.*, 465 F. App'x 561, 562-63 (7th Cir. 2012) (discussing the fact that a motion filed less than twenty-eight days after the entry of judgment is correctly deemed to fall under Rule 59(e) rather than Rule 60(b)). As so construed,

> [a] motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) may be used to draw the district court's attention to a

2

manifest error of law or fact or to newly discovered evidence. *E.g., Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.*

*United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

Moore's petition was denied on the procedural ground that it was a second or successive petition. In his motion, Moore fails to set forth additional legal arguments, a change of law, or identify an argument or aspect of the case that was overlooked regarding his procedural default that resulted in the dismissal of his habeas petition. Moore also fails to demonstrate a manifest error in law or fact or present new evidence regarding his procedural default of the claims in his petition. Moore just reargues the substantive claims from his petition. As a result, whether his motion is construed as one for reconsideration under Rule 60(b) or to alter or amend a judgment under Rule 59(e), Moore is not entitled to relief.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (ECF No. 13) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 14) is **denied** as moot.

Dated at Milwaukee, Wisconsin this 3rd day of December, 2014.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge